Argued January 27, decided February 15, 1910.

**SUTHERLAND v. RICHARDSON.**

[106 Pac. 1017.]

PUBLIC LANDS—CONTRACT OF RELINQUISHMENT—VALIDITY—INSANE PERSONS.

1. Where a party, who had filed a homestead claim to 160 acres of land, but failed to occupy it so as to give him title, so that all the right he had was the privilege of relinquishment, which he sold to defendants for $300, a showing that he was affected with epilepsy, and somewhat weakened mentally, and that he became insane a little over a year. later, was insufficient to render the contract of relinquishment void, where it was reasonably clear that he understood the nature of the transaction at the time.

PUBLIC LANDS—ENTRIES, SALES, AND POSSESSORY RIGHTS—RIGHTS ACQUIRED BY OCCUPANCY.

2. Where a party filed a homestead claim for 160 acres of land, built thereon a small cabin, cleared away some brush, spaded up some of the

ground, but raised no crops, erected no fences, visited the land only
once in six months, remaining only a day or two, and living the balance
of the time at his father's residence about a mile distant, his occupancy
was inufficient, under the homestead law, to give him title to the land.

From Lane: LAWRENCE T. HARRIS, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is the suit of an insane person by his guardian to
have an alleged contract declared void, to establish and
enforce a trust in real property, and to compel the de-
fendants to execute to the ward a deed of the premises.

It is averred in the complaint that Ulysses B. Suther-
land on June 8, 1900, filed a homestead claim to 160 acres
of land, describing the property, and until he surrendered
his interest therein, he had complied with all the require-
ments necessary to maintain his right to the premises;
that on May 24, 1904, pursuant to stipulation, he relin-
quished such right, whereupon the defendant, Mary Rich-
ardson, applied to purchase the land under the provisions
of the timber and stone act (Act June 3, 1878, c. 151, 20
Stat. 89 [U. S. Comp. St. 1901, p. 1545]), agreeing that
when she secured a patent for the real property, she
would convey one-half thereof to him; that she made
final proof in support of her entry, and on May 1, 1906,
obtained from the United States a title to the land; that
prior to and at the time the relinquishment was signed he
was of unsound mind, and wholly incapable to transact
business, of which infirmity she and her husband, the
defendant, A. M. Richardson, had knowledge, but, fraud-
ulently taking advantage thereof, they induced him to
abandon his right to the premises, with intent to cheat
and defraud him, and to procure a patent for the land, to
which he was justly entitled, and which he would have
received but for their fraudulent acts; that on September
15, 1905, he was adjudged a lunatic, and committed to
the asylum for the insane, where he now remains in cus-
tody; and that J. U. Sutherland is the duly appointed,

legally qualified, and acting guardian of the person and estate of such ward.

The answer denies each allegation of the complaint, upon which issue the cause was tried, resulting in a decree dismissing the suit, and the guardian appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John A. Buchanan.*

For respondents there was a brief over the names of *Messrs. Walton & Ness* and *Mr. Lark Bilyeu,* with oral arguments by *Mr. Sjur N. Ness* and *Mr. Bilyeu.*

Opinion by MR. CHIEF JUSTICE MOORE.

The testimony given at the trial shows that Ulysses B. Sutherland filed a homestead claim to 160 acres of land in Lane County at the time stated in the complaint; that he built on the land a small cabin of logs, the spaces between which were not chinked; that the building had no floor but the earth, no window or door; that the gable ends were not inclosed and there was neither a chimney, flue, nor other means for conducting smoke; that some brush had been cut and piled, and the very small space thus cleared, which consisted of about one-fourth of an acre as stated by some of the witnesses, and about a square rod by others, had been spaded preparatory to raising crops, but that the thicket had been permitted to grow up again. No fence was built on the land, and the homestead claimant visited the premises only once every six months, remaining thereon a day or two, and living the balance of the time at his father's residence about a mile distant. The land described contains very valuable timber, which the defendants desired to obtain, and they had frequently conversed with Sutherland with a view of securing the title to the premises. No definite arrangement, however, was consummated until May 24, 1904, when Sutherland, who prior thereto was afflicted with

epilepsy, desiring to procure money with which to pay for medical treatment, thereafter received from the defendant, A. M. Richardson, $100, and thereupon relinquished to the United States his right to the homestead, and Mrs. Richardson applied to purchase the premises, and thereafter procured a patent therefor. The guardian's theory is that the inducement for the relinquishment was the defendants' agreement to convey to the ward a moiety of the land when the legal title thereto was secured; while the defendants' hypothesis is that the consideration for the abandonment was their stipulation to give $300 therefor, of which sum $100 was paid July 10, 1904, and the remainder was to have been liquidated when required by Ulysses, and that no demand therefor had ever been made.

Sutherland was adjudged insane September 15, 1905, or a year, 3 months and 19 days after he had surrendered his right to the land. His mental capacity was probably somewhat impaired on May 24, 1904, when he executed the relinquishment, and thereafter the recurring paroxysms became more frequent and severe until he was committed to the asylum. We do not think, however, that when he abandoned his right to the homestead, he was so deranged as to render him incompetent to execute a valid contract, and are satisfied that the trial court correctly found that he was not then insane, or deranged when he received the $100, but that he understood the nature of the business in which he was engaged.

2. We place our decision on the further finding of the trial court that the improvement made by the claimant on the homestead, during the four years he pretended to hold the land was a mere pretense, and that he did not in good faith attempt to comply with the requirements of the law in respect to living on the premises, which were never in fact his home, so that, assuming the required proof had been offered in his behalf in the local land

offce, as a condition precedent to establish his right to a homestead, such evidence would have been insufficient, and his entry would necessarily have been canceled. His interest in the land was subject to a successful contest when he abandoned his entry, and his only right to the premises which he then held was the privilege of relinquishment, which right he evidently understood when he agreed to accept $300 therefor.

Believing that the testimony warrants the decree which was rendered, it is affirmed.        ·        AFFIRMED.